## SUPREME COURT.

Maria M. C. Wetmore agt. Daniel Holsman, Charles
Frederick Wetmore and Catharine Holsman Wetmore,
an infant.

A *trust deed of marriage settlement,* executed by the wife in contemplation of
marriage, will not be set aside in her favor, where there is no proof of fraud or
undue influence in its procurement or execution, and no allegation impeaching
the capacity or integrity of the trustees, or their management of the estate; but
it is claimed by the wife that *she did not understand the deed when read to
her; that it was done suddenly and without reflection, when her thoughts
were elsewhere;* and alleges that *her husband has a contingent life estate in
the property, which will become absolute in case he survives her—(affectionate
wife.)*

*New York Special Term, June,* 1862.

This action was brought by the plaintiff to set aside a
marriage settlement executed by her in contemplation of
marriage with the defendant C. F. Wetmore, to the defend-
ant Daniel Holsman, and another in trust, on the ground of
the infancy of the plaintiff at the time of executing such
settlement, and of alleged misapprehensions on her part, of
its effect.    The complaint prayed that the defendant Daniel
Holsman be directed to re-convey and re-transfer to the
plaintiff the real and personal estate owned by her before
her marriage, with all accumulations thereof, and that the
said Charles Frederick Wetmore and Catharine Holsman
Wetmore be divested of any rights or interest which they
or either of them may claim to have acquired under said
instrument.    The case was tried in February last.

John S. Vose and Edwards Pierrepont, *for plaintiff.*
Cambreling & Pyne, *for defendant Holsman.*
Benjamin Stevens, Jr., *guardian ad litem for infant.*

Peckham, Justice.    In this case there is neither allega-
tion nor proof of any fraud or undue influence in the pro-
curement or execution of the trust deed.    It was done with

the knowledge and sanction of plaintiff's mother, and of her general guardian. In fact, the guardian was made one of the trustees, and her brother the other. There is no allegation or proof, in any manner impeaching the capacity or integrity of the trustees, or either of them ; no word of complaint against their management of the estate ; nothing against the conduct of the now remaining trustee, her brother.

It is said the complainant did not understand the deed when read to her ; that it was done suddenly and without reflection—when her thoughts were elsewhere. This is a very delicate and, I may say, novel ground of relief ; no fraud or undue influence being pretended ; no mistake alleged ; no error committed. It will scarcely do to say that, although she knew the general object and purpose of the deed, and it has substantially effected that purpose, yet it shall be set aside, because she failed to observe or remember some of the details of the deed.

The subject of executing this deed, or a deed of trust, was called to her attention some weeks prior to its execution. She assented to the proposition of putting her property in trust ; on the evening prior to her marriage it was carefully read over to her ; it was executed and acknowledged the next morning ; she was then within about a month of being twenty years of age ; an educated, intelligent young woman. It can scarcely be alleged, under such circumstances, that she had not sufficient knowledge or understanding of the deed to render its execution valid. In fact, there is not a word now proved against its provisions.

It is complained that her husband has a contingent life estate in the property, in case he survives her ; but she nowhere alleges or pretends that she would not have made that or an equally liberal provision. She says it was made " without her wish or consent"—careful language (not against her consent) ; because she says she did not under-

stand it—not that she would not have done so if she had understood it—no unkind feeling between the parties now, no reason why so ordinary and rational a provision should not have been made by an affectionate woman for her intended husband. She necessarily, from the facts, understood the deed in substance. The delivery of the ·deed implied from its acknowledgment before a competent officer, is not disproved. The deed was produced before me. There can be no doubt of its legal delivery.

It is objected that the trustees are ·not authorized to borrow money by mortgage to improve the estate. I do not so understand the deed. They are expressly authorized to repair, improve, and to borrow money. Thus they are clearly authorized to mortgage.

If money cannot so readily be borrowed on mortgage by trustees, that is an incident to all valid trusts, and is no ground for holding them invalid. But I have very little faith in the financial wisdom of improvements by way of mortgages. The increased income thus sought to be procured is frequently a mere fancy. The mortgage is always a stern fact.

In my judgment there is nothing left of this case except the mere fact that this deed was executed by plaintiff when an infant. That question was distinctly settled between these parties in the superior court of New York, and stands here, *res adjudicata.*

The complaint must be dismissed, with costs.